Eric J. Fjelstad, OSB No. 89238
SMITH & FJELSTAD
722 N. Main
Gresham, Oregon 97030
Tel: (503) 669-2242
Fax: (503) 669-2249
E-mail: smithandfjelstad@frontier.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JULIE FILAMORE-ANGEL,<br><br>     Plaintiff,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES-OREGON, d.b.a., PROVIDENCE ST. VINCENT MEDICAL CENTER,<br><br>     Defendant. | Civ. No. 3:14-cv-01278<br><br>DECLARATION OF ERIC J. FJELSTAD IN SUPPORT OF COUNSEL'S MOTION TO WITHDRAW |

  Eric J. Fjelstad, being aware of the penalties of perjury, declares the following to be true and accurate to the best of his knowledge and belief:

  This case was one of about 25 cases that I took over after my long time partner, Kerry Smith, very unexpectedly passed away on March 20, 2015. I felt obligated at the time to take as many of Kerry's cases as possible to ensure that his widow received a reasonable share of any settlements or positive verdicts from Kerry's cases. As the months since Kerry's death have passed, I have become more and more overwhelmed due to the number of cases that I am handling and simply not having a partner and friend around to bounce ideas off. I have also developed anxiety that causes me to freeze up in the face of controversy. This admittedly has slowed my practice down even further.

  Part of the problem of which I am now aware with taking on as many cases as I did is that

PAGE 1 - ERIC J. FJELSTAD DECLARATION

I was unable to accurately and fully docket some deadlines in Kerry's cases. One of those deadlines was the discovery deadline in this case. Defense counsel called me in mid-July and informed me that the discovery deadline had passed as of June 30, 2015 and that the dispositive motion deadline was at the end of the month. This was the first that I had heard of this fact. I informed defense counsel that I had made up my mind that I needed to withdraw from a few of Kerry's cases at that time due to the facts noted above. I stated that if need be, we could ask the court then, before I withdrew, to reopen discovery as it was obvious I would need to do so. My feeling at the end of the conversation was that defense counsel understood the nature of my problem.

To complicate matters extensively, I was beginning to experience problems getting both mail delivered to my office and with the only computer in the office that received emails to our firm's email address. Since about mid-July, a new postal delivery person rarely delivers mail to my office before the end of the work day, meaning that sometimes a week or more passes before I get my mail. The computer finally broke down completely during the last few days of July, preventing me from getting emails until I ultimately fixed it on about August 20. Moreover, during the last one-half of July and first one-half of August, I took a couple of short vacations and a few "stress days" out of the office. I also was out of the office for business-related reasons. As a result, I did not receive defense counsel's letter stating that she would file summary judgment unless I filed my motion to withdraw by July 24, 2015 until about August 17, 2015. I also was not getting emails for about three weeks, during which time counsel apparently filed the motion for summary judgment, so I was not alerted to the problem during that time. I did not learn that defendant had filed the summary judgment motion until I received an email from the court stating that my response to the summary judgment motion was overdue. Since then, I have spent considerable time analyzing what I can do to try and get this case back on track without any prejudice to the plaintiff.

I have communicated with the plaintiff about my intent to withdraw. She does not consent

PAGE 2 - ERIC J. FJELSTAD DECLARATION

to it, but I must do it nonetheless for the reasons stated above.

My fervent hope is that the court will allow me to withdraw, but stay these proceedings until the plaintiff can find new counsel. Then, upon her finding new counsel, reopen discovery so that full discovery may be completed and this case tried fairly.

Dated September 10, 2015.

_____/s/ Eric J. Fjelstad_____
Eric J. Fjelstad

PAGE 3 - ERIC J. FJELSTAD DECLARATION